Edmundo P. Robaina (No. 018125)
Thomas T. Griffin (No. 022475)
ROBAINA & KRESIN PLLC
One East Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
epr@robainalaw.com
ttg@robainalaw.com

Attorneys for Plaintiff Mona Smith

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Mona Smith, an individual, | No. CV 11-00599-PHX-DCG |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| Valley Radiologists Ltd., a Corporation, | (Jury Trial Demanded) |
| Defendant. | (Assigned to Hon. David G. Campbell) |

Plaintiff Mona Smith for her Amended Complaint alleges as follows:

1. Mona Smith ("Smith") is an individual residing in Maricopa County, Arizona.

2. Defendant Valley Radiologists, Ltd. ("Valley Radiologists") is a corporation doing business in Arizona, and is an employer subject to the requirements of Title I of the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §12101 *et seq*.

3. This action is brought pursuant to the ADA, and the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b).

5. In or around 2000, Smith began working at Valley Radiologists as a Mammographer/Staff Technologist.

6. In or about 2003, Smith was promoted to Lead Mammographer/Quality Control, the position she held until her employment with Valley Radiologists ended.

7. At all relevant times, Smith's job performance was at least satisfactory.

8. At all relevant times, Smith could perform the essential functions of her job, and was therefore a qualified individual under the ADA.

9. Since birth, Smith has had a congenital eye condition, Toxoplasmosis, that substantially limits her ability to engage in certain major life activities including seeing.

10. However, Smith's visual impairment has been stable since age 12, and she has functioned her entire life with the level of vision that she had during her employment with Valley Radiologists.

11. Prior to the beginning of Smith's employment, Valley Radiologists had knowledge of Smith's Toxoplasmosis, and the substantial limitations resulting from the Smith's Toxoplasmosis.

12. On or about November 11, 2008, Valley Radiologists informed Smith that it was not going to allow her to perform mammograms.

13. As a result, also on or about November 11, 2008, Smith asked Valley Radiologists Director of Operations, Cindy Rosenwald ("Rosenwald"), if she could continue to perform 100 mammograms a year to maintain her certification.  Rosenwald said that Smith perform 100 mammograms a year.

14. On or about December 2, 2008, Smith filed a Charge of Discrimination (No. 540-2008-00654) with the Equal Employment Opportunity Commission ("EEOC"), alleging that Valley Radiologists discriminated against her because of her disability.

15. Shortly after Smith filed Charge No. 540-2008-00654, Valley Radiologists decided that Smith could no longer perform the 100 mammograms a year needed to maintain her certification.

16. Further, on or about February 26, 2009, Valley Radiologists Human Resources Director, Val Cina ("Cina"), gave Smith an amended job description.

17. The job description Cina gave Smith in or around February 2009, contained "essential job functions" that were not essential to Smith's position, including

1 the requirement to have a Colorado Class "R" drivers license to perform mammograms
2 in Arizona.

3     18.    None of Smith's similarly situated coworkers were given the same job
4 description.

5     19.    On or about February 26, 2009, Smith filed a second Charge of
6 Discrimination (No. 540-2009-03285) with the EEOC, alleging that Valley Radiologists
7 retaliated against her for filing her initial Charge of Discrimination in November 2008.

8     20.    On May 26, 2010, the EEOC issued a Reasonable Cause Determination,
9 for Charge No. 540-2009-00654, concluding that there is reasonable cause to believe
10 that Valley Radiologists violated the ADA.  (A copy of the Reasonable Cause
11 Determination is attached to this Complaint as Exhibit A.)

12     21.    Specifically, the EEOC determined: "there is reasonable cause to believe
13 that there is a violation of the ADA in that Respondent discriminated against Charging
14 Party because of her disability when they removed her from the mammography
15 technologist position she occupied."

16     22.    On May 26, 2010, the EEOC also issued a Reasonable Cause
17 Determination, for Charge No. 540-2009-03285, concluding that there is reasonable
18 cause to believe that Valley Radiologists violated the ADA.  (A copy of the Reasonable
19 Cause Determination is attached to this Complaint as Exhibit B.)

20     23.    Specifically, the EEOC determined: "there is reasonable cause to believe
21 that there is a violation of the ADA in that Respondent retaliated against Charging Party
22 when it denied her the opportunity to perform the required 100 supervised
23 mammograms per year to maintain her mammography certification and caused her to
24 terminate her employment."

25     24.    On or about January 11, 2011, the EEOC issued Smith Notices of Right to
26 Sue for Charge Nos. 540-2008-00654 and 540-2009-03285.

27     25.    Smith has met all administrative prerequisites to bring this lawsuit.

28

**COUNT ONE**
**(Discrimination in violation of the ADA)**

26. Smith incorporates by reference all previous allegations as though set forth fully herein.

27. At all times during her employment with Valley Radiologists, Smith was an individual with a disability under the ADA in that at all relevant times, she had a mental or physical impairment that substantially limited one or more major life activities, had a record of such impairment, and/or was regarded by Valley Radiologists as having such an impairment.

28. At all times during her employment with Valley Radiologists, Smith could perform the essential functions of her job.

29. Valley Radiologists discriminated against Smith in violation of the ADA by removing her from her position as a Lead Mammographer/Quality Control because of her disability.

30. As a result of Valley Radiologists' actions, Smith has suffered and continues to suffer mental anguish, emotional distress, pain and suffering, humiliation and harm to reputation.

31. Valley Radiologists' actions were done with malice and/or reckless indifference to Smith's federally protected rights.

**COUNT TWO**
**(Illegal Retaliation in violation of the ADA)**

32. Smith incorporates by reference all previous allegations as though set forth fully herein.

33. Smith engaged in protected activity under the ADA by filing her initial Charge of Discrimination with the EEOC.

34. Valley Radiologists subsequently took an adverse employment action against Smith by refusing to allow her to perform 100 mammograms a year, which would have resulted in Smith losing her mammogram certification and thereby

1  preventing her from continuing her career in mammography and thus limiting her career
2  opportunities.
3       35.   Smith's protected activity was at least a motivating factor in Valley
4  Radiologists' decision to take an adverse employment action against Smith.
5       36.   As a result of Valley Radiologists' actions, Smith has suffered and
6  continues to suffer mental anguish, emotional distress, pain and suffering, humiliation
7  and harm to reputation.
8       37.   Valley Radiologists' actions were done with malice and/or reckless
9  indifference to Smith's federally protected rights.
10      WHEREFORE, Plaintiff Mona Smith prays for judgment against Defendant Valley
11 Radiologists as follows:
12      A.    For an award of compensatory damages for mental anguish, emotional
13            distress, pain and suffering, humiliation, harm to reputation and other
14            losses incurred by Plaintiff as a result of Defendant's conduct;
15      B.    For declaratory judgment stating that Defendant violated the ADA by
16            discriminating against Plaintiff because of her disability; and by retaliating
17            against Defendant because she filed an EEOC Charge of Discrimination
18            alleging disability discrimination;
19      C.    For an award of punitive damages;
20      D.    For an award of attorneys' fees and related expenses pursuant to 42 U.S.C.
21            § 12205;
22      E.    For an award of prejudgment and post-judgment interest;
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

F.  For an award of Plaintiff's costs of suit incurred herein; and

G.  For an award of such other relief as the Court may deem just and proper.

DATED this 13th day of May, 2011.

> ROBAINA & KRESIN PLLC
>
> By /s/ Edmundo Robaina
> Edmundo Robaina
> Thomas Griffin
> Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff Mona Smith, by and through counsel undersigned, and pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, hereby demands a jury trial for all issues so triable.

> ROBAINA & KRESIN PLLC
>
> By /s/ Edmundo Robaina
> Edmundo Robaina
> Thomas Griffin
> Attorneys for Plaintiff