**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mona Smith,<br><br>           Plaintiff,<br><br>v.<br><br>Valley Radiologists, Ltd.,<br><br>           Defendant. | No. CV-11-00599-PHX-DGC<br><br>**ORDER** |

At the final pretrial conference on November 16, 2012, Plaintiff requested that the jury be given instructions reflecting changes to certain definitions in the ADA brought about by the ADA Amendments Act of 2008 ("ADAAA"). Defendant objected, and the Court requested that the parties submit memoranda on the issue. The parties have submitted their memoranda. Docs. 76, 77. For the reasons that follow, the Court will not give Plaintiff's proposed modifications to the jury instructions.

**I.    Background.**

The factual background of this case is set forth in the Court's order on Defendant's motion for summary judgment. Doc. 58. For present purposes, it is sufficient to note that the complaint contained two counts. Doc. 1. Count one alleged that Defendant "discriminated against Smith in violation of the ADA by removing her from her position as a Lead Mammographer/Quality Control because of her disability." *Id*. at 3. The removal occurred "on or about November 11, 2008." *Id*. ¶ 12. Count two alleged that Defendant reneged on a promise to permit Defendant to perform 100 mammograms each year to maintain her license. *Id*. at 4. This count was eliminated by summary judgment,

leaving the change of position in count one as the only remaining claim in the case. Doc. 58.

**II.     Discussion.**

The ADAAA became effective on January 1, 2009. In *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850 (9th Cir. 2009), the Ninth Circuit explained that the ADAAA amendments expand the scope of the term "disability" in the ADA. *Rohr* held that "disability" is to be construed to allow coverage to the "maximum extent" allowed by the ADA and the ADAAA. *Id.* at 861. It also explained that the phrase "substantially limits" had been interpreted as requiring a greater degree of limitation than Congress intended and that limitations should be evaluated without considering the ameliorative effects of corrective measures or devices (e.g. glasses). *Id.* at 861-62. The ADAAA also broadened the scope of the "regarded as" prong of the definition of disability by requiring only that an individual "establish[] that he or she has been subjected to an action prohibited under the ADA because of an actual or perceived physical or mental impairment *whether or not* the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A) (emphasis added).

Plaintiff contends that the model jury instructions should be modified to reflect these changes in the law. Defendant argues that the pre-amendment ADA should govern this action.

The discrimination alleged in count one is said to have occurred when Defendant was removed from her position on November 11, 2008. The ADAAA did not take effect until January 1, 2009. The ADAAA does not apply retroactively. *Becerril v. Pima County Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009) ("Following our sister circuits, we conclude that the ADAAA does not apply retroactively."). Accordingly, the ADAAA does not apply to the discriminatory event alleged in count one and at issue in the trial.

Plaintiff argues that the ADAAA may still apply if she can establish a continuing violation of the ADA that extends beyond the statute's effective date. Ninth Circuit cases

defining a "continuing violation" have generally focused on the statute of limitations. *See, e.g., Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812 (9th Cir. 2001); *Morgan v. Nat'l RR Passenger Corp.*, 232 F.3d 1008 (9th Cir. 2000); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 2000). Applying the reasoning in these cases, Plaintiff argues that an ADA violation continued after January 1, 2009, and that the entire case should therefore be governed by the ADAAA.

The Ninth Circuit recognizes two methods of establishing a continuing violation in the statute of limitations context. *Douglas*, 271 F.3d at 822. A "plaintiff may show a serial violation by pointing to a series of related acts against one individual, of which at least one falls within the relevant period of limitations." *Id*. (citations omitted). Alternatively, a plaintiff may show a "systematic policy or practice of discrimination that operated, in part, within the limitations period – a systemic violation." *Morgan*, 232 F.3d at 1015-16.

Plaintiff does not allege a systemic policy or practice of discrimination. Her claim is based on actions directed specifically at her. The only event that allegedly occurred after the ADAAA's effective date was the employer's refusal to allow her to perform additional mammograms, but that refusal formed the basis for count two and was eliminated by summary judgment. While it is true that Plaintiff continued to work in her new position after the effective date of the ADAAA, she does not allege that additional discrimination occurred or that the conditions of employment in the new position were discriminatory. She claims that the decision to reassign her to that position was discriminatory – a decision that occurred before the ADAAA was effective. The Court therefore finds that the alleged discriminatory event took place before the effective date of the ADAAA and that Plaintiff has not established an on-going violation after January 1, 2009.

Plaintiff correctly notes that the Court applied elements of the ADAAA when it considered whether there was enough evidence of disability to survive a motion for summary judgment. Doc. 76 at 2; *See* Doc. 58 at 5-8. While count two – which was still

active when the Court was considering the motion for summary judgment – was subject to the ADAAA, count one was not as explained above. To the extent that the Court cited the ADAAA and related regulations with respect to count one, it was in error.

### III. Conclusion

Because the ADAAA does not apply to the Plaintiff's case, the Court will not give Plaintiff's proposed amendments to the model jury instructions. If Plaintiff believes that the evidence at trial somehow alters the factual basis for this decision, she may raise that issue with the Court during trial and before the jury is instructed.

Dated this 10th day of January, 2013.

_____
David G. Campbell
United States District Judge